FILED'10 NOV 04 13:44usDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID WHITLOCK,

        Petitioner,        Civil No. 09-207-AA

        v.               ORDER

JEAN HILL,

        Respondent.

AIKEN, District Judge.

    Petitioner was an inmate in the custody of the Oregon Department of Corrections at the time he filed this proceeding. Petitioner's Notice of change of address (# 27) filed February 18, 2010, indicates that petitioner has been released from custody.

    Petitioner was convicted in January, 2004, of Kidnapping in the First Degree, Attempted Burglary in the First Degree, Assault in the Fourth Degree, and Menacing. Exhibit 101. Following a no contest plea, petitioner was sentenced to a total of 130 months imprisonment.

    Petitioner appealed his convictions following the

1 - ORDER

issuance of an amended judgment and the Oregon Court of Appeals held that the trial court lacked authority to modify petitioner's sentence without holding a hearing with the defendant. The court reversed the sentences, remanded for determination of whether to reinstate the original judgment and, if not, for re-sentencing, but otherwise affirmed.[1] The Oregon Supreme Curt denied review.  Exhibits 108-113.

The Malheur County Circuit Court denied petitioner's formal petition for post-conviction relief. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 145-153.

Petitioner filed a petition under 28 U.S.C. sec. 2254 alleging four grounds for relief (with numerous sub-parts. Petition (#1) p. 6-7.  Respondent now moves to dismiss on grounds including statute of limitations and failure to exhaust state remedies. Response (#19) Despite numerous extensions of time in which to do so, petitioner has not filed a reply or a brief in support of his petition.

Statute of Limitations:  The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) which became effective on April 14, 1996, amended 28 U.S.C. § 2244 to provide a limitations period for filing a federal habeas corpus petition.  Under § 2244(d), a petitioner now has one year from the date a direct appeal is final to file a petition under 28

---

[1] The trial court ultimately re-sentenced petitioner as set forth in the Second Amended Judgment of Conviction and Sentence dted January 21, 2004.  Exhibit 101.

U.S.C. § 2254. The one year limitations period is tolled during the time a state collateral proceeding is pending. Time elapsed after finality and before collateral filing, and time after the final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

Petitioner's original Amended Judgment and Sentence at issue on appeal was entered on August 25, 2000. Exhibit 101. The appellate judgment issued in that matter on October 24, 2003. Exhibit 113. Petitioner's Second Amended Judgment was entered on January 21, 2004. Exhibit 101. Thereafter, petitioner filed his petition for post-conviction relief on January 5, 2005. Exhibit 114. The appellate judgment on post-conviction became effective on October 8, 2008. Exhibit 148. The Oregon Supreme Court denied recall of that judgment. Exhibit 153. Oregon Rules of Appellate Procedure (ORAP) 14.05 (2)(a) states that the decision of the Supreme Court or Court of Appeals on an appeal from the circuit court is final on the date that the Administrator sends a copy of the appellate judgment to the court below. The Oregon Supreme Court did not recall the Appellate judgment. Therefore its effective date remains the date of October 8, 2008. Petitioner filed the petition in this proceeding on February 19, 2009.

Between April 23, 2004, the latest date on which petitioner could have sought certioari, and January 5, 2005, the date on which petitioner signed his petition for post-

3 - ORDER

conviction relief, 239 days accrued.  Between October 8, 2008, the date on which petitioner's Appellate Judgment became effective and February 18, 2009, the date on which petitioner signed his petition in this proceeding, 133 days accrued. Therefore, a total of 372 days elapsed between the time of the final judgment challenged in this case and the filing of the petition.  Accordingly, petitioner's petition was filed beyond the one year statute of limitations.

Exhaustion of state remedies:  Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"  Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992).  If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a

4 - ORDER

procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense

impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

Respondent concedes that petitioner raised the claims alleged this proceeding in his state pos-conviction trial and on appeal. See, Response (#19) p. 10. However, petitioner did not seek Oregon Supreme Court review of the appellate judgment denying relief. The record reflects that the failure to seek supreme court review of the appellate judgment was the result of his appellate attorney's mistake. Respondent's Exhibit 149, Motion to Recall Appellate Judgment (and) Reinstate Appeal. However, the Oregon Supreme Court denied petitioner's request to recall the appellate judgment and reinstate the appeal. See, Exhibit 153, Order of Dismissal and Denying Motion to Recall Appellate Judgment. Accordingly, the

claims were not presented to Oregon's highest court in a proper procedural context in which the merits of the claims would be considered.

Accordingly, petitioner did not exhaust state remedies with respect to the claims in his petition as required by the doctrine of exhaustion. Moreover, these claims cannot now be fairly presented to Oregon's highest court, so they are procedurally defaulted. Petitioner has not established cause and prejudice for his procedural default[2] or entitlement to the "fundamental miscarriage of justice" exception to the exhaustion requirement. Therefore, habeas review of his claims is barred

Because the statute of limitations and exhaustion of state remedies issues are dispositive, it is not necessary to discussed the other grounds raised in respondent's response. petitioner's Petition (#1) is denied. This proceeding is dismissed.

---

[2]Assuming that petitioner made the argument that his default should be excused because of the mistake of his appellate attorney, it is well settled that ineffectiveness of PCR counsel is insufficient to excuse procedural default. Coleman v. Thompson, 501 U.S. 722, 752-753 (1991); Ellis v. Armenakis, 222 F.3d 627, 632-633 (9th Cir. 2000); Bonin v. Vasquez, 999 F.2d 425, 430 (9th Cir. 1993); Bonin v. Calderon, 77 F.3d 1155, 1159-1160 (9th Cir. 1996).; see also, Miller v. Baldwin, 176 Or. App. 500, 507 - 508 (2001) [cataloguing Oregon cases holding that the inadequacy of PCR counsel does not excuse failure to raise claims].

7 - ORDER

## Certificate of Appealability

Should petitioner appeal, a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED

DATED this 2 day of November, 2010.

Ann Aiken
United State District Judge

8 - ORDER